UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO._____

| | |
|---|---|
| Rosylan McBeath,<br><br>         Plaintiff,<br>v.<br><br>Mercantile Adjustment Bureau, LLC. d/b/a Mercantile Solutions,<br><br>         Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA"). This law prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Rosylan McBeath, is an adult individual residing in the City of Brooklyn Park, County of Hennepin, State of Minnesota and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC. d/b/a Mercantile Solutions is a business entity regularly engaged in the business of collecting debts in this Commonwealth with a principal place for accepting service located at 6390 Main Street, Williamsville, NY 14221.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. At all times pertinent hereto, Defendant was hired by Bank One to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Bank One (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. On or about May 8, 2009, Defendant contacted Plaintiff in an attempt to coerce payment of the debt.  During the conversation, Plaintiff attempted to describe her situation and why she could not pay the debt, explaining that she was unemployed with three teenage children, one with multiple sclerosis and another who was diagnosed bi-polar.  Defendant simply cut Plaintiff off and referred to her as "unintelligent,"

"illiterate," and a "waste of life."  In addition, Defendant told Plaintiff that "people like you are why America is the way it is."  At the end of the conversation, Defendant made an open ended threat to Plaintiff, indicating "we will do what we have to do."

9. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

10. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

11. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

12. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

13. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

14. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, physical, emotional and mental pain and anguish.

## TRIAL BY JURY

15. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## VIOLATION OF THE FDCPA

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

19. The above contact by Defendant was a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

20. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

   (b) Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and

   (c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

 21. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

 22. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and
(d) That the Court grants such other and further relief as may be just and proper.

Dated this 3rd day of December, 2009.

         By: s/Thomas J. Lyons Jr.
         **CONSUMER JUSTICE CENTER, P.A.**
         Thomas J. Lyons, Jr., Esq.
         Attorney I.D. #0249646
         Trista M. Roy, Esq.
         Attorney I.D. #0387737
         367 Commerce Court
         Vadnais Heights, MN  55127
         Telephone:  (651) 770-9707
         Facsimile:  (651) 704-0907
         tommycjc@aol.com
         tristacjc@aim.com

       **FRANCIS & MAILMAN, P.C.**
Michael J. Szymborski, Esq.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
*Pro Hac Vice to be Filed*

*Attorneys for Plaintiff*